Maria Guadalupe SANTOS DE NUNO, Petitioner,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 04–73359.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.**

Decided June 29, 2005.

Emmanuel Enyinwa, Esq., Emeziem & Ogbu, LLP, Emeryville, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA and THOMAS, Circuit Judges.

MEMORANDUM ***

Maria Guadalupe Santos de Nuno, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review due process claims de novo. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's denial of Santos de Nuno's application for cancellation of removal because the IJ denied her application on the discretionary basis that she had not established exceptional and extremely unusual hardship. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 888 (9th Cir.2003). Santos de Nuno's contention that the BIA erroneously affirmed the IJ's discretionary hardship determination without opinion is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 854–55 (9th Cir.2003).

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Santos de Nuno's due process claim fails because she has not established that her inability to file a brief with the BIA caused her any prejudice. *See Larita–Martinez v. INS,* 220 F.3d 1092, 1095 (9th Cir.2000) (recognizing that to prevail on a due process challenge, an alien must show error and substantial prejudice).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.